Frances L. RAMBACHER; Gary L. Rambacher, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 00–1515.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

222

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

*ORDER*

Frances L. Rambacher and Gary L. Rambacher, proceeding pro se, appeal a tax court judgment denying their petition for redetermination of deficiencies determined by the Commissioner of Internal Revenue (Commissioner) filed pursuant to I.R.C. § 7442. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The taxpayers petitioned the tax court for a redetermination of deficiencies determined by the Commissioner with respect to the penalty imposed for their 1983 tax year. Upon review, the court concluded that the taxpayers' arguments were barred by the doctrine of collateral estoppel (issue preclusion). The taxpayers have filed a timely appeal, essentially reasserting their argument. They also argue that the tax court's decision conflicts with two court of appeals' decisions.

Upon review, we conclude that the tax court properly determined that the Rambachers are collaterally estopped from challenging the Commissioner's determination that they are liable for additions to tax for 1983's arguments are barred by the principles of issue preclusion. *See Bills v. Aseltine,* 52 F.3d 596, 604 (6th Cir.1995). The doctrine of collateral estoppel bars relitigation of issues actually litigated and determined in an earlier action. *See Kane*

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995). Under collateral estoppel or issue preclusion, a prior decision on an issue of law necessary to a judgment, made by a court of competent jurisdiction, is conclusive in subsequent cases involving any party to the prior litigation, even if the new case is based on a different cause of action. *See United States v. Mendoza,* 464 U.S. 154, 158–59, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984); *Bills,* 52 F.3d at 604.

■ The taxpayers' arguments are barred by the principles of collateral estoppel. In 1996, the taxpayers filed two petitions in the tax court, one with regard to additions to tax determined against them for the 1981 tax year and one concerning an addition to tax determined against them for their 1983 tax year. In 1998, the tax court concluded that the taxpayers were negligent in claiming losses and investment tax credits in connection with their investment in the Series 98 and 124 limited partnerships, and the court affirmed the Commissioner's determination concerning the taxpayers' 1981 tax year. *See Rambacher v. Commissioner,* 75 T.C.M. (CCH) 2077 (1998), *aff'd unpublished opinion,* 194 F.3d 1313 (1999), *cert denied,* 530 U.S. 1244, 120 S.Ct. 2692, 147 L.Ed.2d 963, 2000 WL 655755 (2000) (*Rambacher 1*). Hence, the issue of the taxpayer's negligence was actually litigated in *Rambacher 1,* and the taxpayers had a full and fair opportunity to litigate the issue of their negligence. Moreover, the taxpayers' negligence was essential to *Rambacher 1* as the taxpayers' negligence was the sole subject of that decision. Thus, the taxpayers are collaterally estopped from contesting the additions to tax determined against them for 1983, because the issues in the taxpayers' 1981 and 1983 cases are identical (i.e., whether the taxpayers were negligent in claiming losses and investment tax credits in con-

nection with their investment in the Series 98 and 124 limited partnerships).

■ The taxpayers' argument that the tax court's decision is contrary to two court of appeals' decisions is also precluded. Once an issue is raised and decided, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case. *See Yamaha Corp. of Am. v. United States,* 961 F.2d 245, 254 (D.C.Cir.1992). Hence, the taxpayers are barred from arguing that they were not negligent in filing their 1983 tax return.

Accordingly, we affirm the tax court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.